CATHERINE CORTEZ MASTO
Attorney General
ROBERT SIMON
Deputy Attorney General
Nevada Bar No. 9188
Bureau of Litigation
555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Tel: 702-486-2625
Fax: 702-486-3773

*Attorneys for Defendants Deeds, Hansen, Peterson, Moskoff, Perkins, and Postma.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES OFELDT,<br><br>            Plaintiff,<br><br>v.<br><br>TERRANCE DEEDS, et. al.,<br><br>            Defendants. | Case No.  3:10-cv-00534-MMD-VPC<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE** |

     Plaintiff James Ofedlt, *pro se*, and Defendants, by and through their counsel, Catherine Cortez Masto, Attorney General of the State of Nevada, and Robert Simon, Deputy Attorney General, hereby stipulate and agree, pursuant to Fed. R. Civ. P. 41 (a)(2), that all proceedings in the above-captioned matter be DISMISSED WITH PREJUDICE upon Order of the Court, with both parties to bear their own fees and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

1  The stipulation for dismissal was agreed upon as part of a settlement between the
2  parties, a copy of which is attached.

4  DATED: ~~August~~ september 4, 2012.   By: _____
5  JAMES OFELDT, *pro se*

6  DATED: ~~August~~ Sept 7th, 2012.   CATHERINE CORTEZ MASTO
7  Attorney General

9  By: _____
   ROBERT SIMON
10  Deputy Attorney General

11  *Attorneys for Defendants*

13  The parties having stipulated and for good cause shown:

14  IT IS SO ORDERED that this matter be dismissed with prejudice and for each party to
15  bear their own fees and costs.

_____
JUDGE, UNITED STATES DISTRICT COURT

DATED: September 7, 2012

2

# ATTACHMENT

# ATTACHMENT

## COMPROMISE AGREEMENT AND RELEASE

Plaintiff James Ofeldt ("Plaintiff") and Defendants Deeds, Hansen, Peterson, Moskoff, Perkins, and Postma, and any and all other individuals or entities named in Plaintiff's underlying lawsuit pending in the United State District Court, District of Nevada, case number 3:10-cv-00534-MMD-VPC (hereinafter "Defendants") on behalf of themselves and all representatives, employees, employers, agents, attorneys, affiliates, successors, heirs, and assigns, in consideration of the promises made herein, agree as follows:

### Nature and Effect of Agreement

1. This agreement consists of a compromise and settlement by the parties of their claims against the other party, and a release given by each party to the other relinquishing all claims against the other. By executing this agreement, each of the parties intends to and does hereby extinguish the obligations heretofore existing between them. This agreement is not, and shall not be treated as, an admission of liability by any party for any purpose. This agreement is entered into in good faith, in accordance with NRS 17.245 *et seq.*

2. The scope of this agreement covers all events and disputes described herein and those events or occurrences complained of in the legal action described in paragraphs 5-6 of this agreement.

3. The parties agree and acknowledge that this agreement is enforceable in any prior, on-going, or future administrative hearing, inmate request ("kites"), or grievance (formal or informal) arising from or related to the action described in paragraphs 5-6 of this agreement.

///
///
///
///
///

4. The parties acknowledge that this agreement is a complete compromise of all matters involving disputed issues of law and fact relating to the action described in paragraphs 5-6 of this agreement and the parties assume the risk that the facts or law may be otherwise than they believe when entering into this agreement. Plaintiff is further prevented from arguing or asserting this agreement is an admission of fault, liability, or guilt as to any of the claims set forth in paragraphs 5-6.

### Nature and Status of Dispute

5. On or about July 20, 2010, Plaintiff filed a *Civil Rights Complaint* in the Seventh Judicial District Court which was later removed to the United States District Court, District of Nevada and assigned case number 3:10-cv-00534-MMD-VPC. All papers, pleadings, and orders from these actions are hereby incorporated by reference as though set forth in full at this point.

6. Defendants have answered Plaintiff's *Civil Rights Complaint,* but deny the allegations of Plaintiff's underlying claims.

### Resolution of Dispute

7. Plaintiff will sign and deliver to Defendants' counsel a signed Stipulation and Order for Dismissal with Prejudice for the action identified in paragraphs 5-6 above.

8. Defendants agree to deposit ONE THOUSAND SIX HUNDRED AND FIFTY DOLLARS AND NO CENTS ($1,650.00) into Plaintiff's inmate Trust II Account and agree not to pursue the recovery of any costs Defendants have incurred as a result of defending this matter.

9. Defendants also agree to waive any and all of Plaintiff's departmental charges incurred or charged to Plaintiff prior to midnight on August 23, 2012 in whatever amount they are, not to exceed $158.71.

### Mutual Compromise Agreement

10. Each party, in consideration of the promises and concessions made by the other, hereby compromises and settles any and all past, present, or future claims, demands, obligations, or causes of action, whether based on tort, contract, or other

theories of recovery, known or unknown, which that party has or which may later accrue to or be acquired by that party against each other party and each other party's personal representatives, employees, agents, attorneys, predecessors and successors in interest, heirs, shareholders and assigns, arising from or in any manner related to the subject matter of the disputes described in paragraphs 5-6 of this agreement.

Mutual General Release

11. Each of the parties on behalf of itself, its personal representatives, employees, agents, descendents, ancestors, dependants, heirs, affiliates, shareholders, successors, executors, attorneys, administrators, spouses, and assigns, hereby fully releases and discharges each other party and that party's personal representatives, employees, agents, descendants, ancestors, dependants, heirs, affiliates, shareholders, successors, executors, attorneys, administrators, spouses, and assigns, from all rights, claims, and actions which each party and the above-mentioned successors now have against each other party and the above-mentioned successors, stemming from their differences arising from or in any manner related to the subjects of the disputes described in paragraphs 5-6.

Unknown Claims

12. Each party on behalf of itself and the above-named successors, agents, attorneys, and assigns acknowledges and agrees that the release given to each party upon executing this agreement applies to all claims for injuries, damages, or losses to each party's own person and property, real or personal, whether those injuries, damages, or losses are known or unknown, foreseen or unforeseen, patent or latent, which each party may have against each other party. Each party further understands and acknowledges that the significance and consequence of this waiver is that even if that party or that party's personal representatives, employees, agents, descendants, ancestors, dependants, heirs, affiliates, successors, executors, attorneys, administrators, spouses, and assigns should eventually wish to bring additional claims, or suffer additional liability or damages arising out of the matter referred to in

1 paragraphs 5-6 of this agreement, no party will be able to make any claims or pursue
2 any liability or damages that may exist as of the date of this release but which the party
3 does not know exist, and which, if known, would materially affect that party's decision to
4 execute this release, whether such decision is the result of ignorance, oversight, error,
5 negligence, or any other cause.

No Warranties or Representations

7  13.  The undersigned warrant that no promise or inducement has been offered
8 except as herein set forth; that this release is executed without reliance upon any
9 statement or representation of the person or parties released or their representatives
10 concerning the nature and extent of the damages and/or the nature and extent of the
11 legal liability therefore and/or the nature and extent of liability insurance available with
12 respect thereto.

No Assignments of Rights

14  14.  The parties represent that they have not heretofore assigned or
15 transferred, or purported to assign or transfer, to any person or entity, any claim or any
16 portion thereof, or interest therein, and agree to indemnify, defend, and hold one
17 another or any related person or entity of the parties, as described above, harmless
18 from and against any and all claims, based on or arising out of any such assignment or
19 transfer, or purported assignment or transfer, of any claims or any portion thereof or
20 interest therein.

Advice of Attorney

22  15.  Each party warrants and represents that in executing this agreement,
23 each party has had the opportunity to consult an attorney and that each party fully
24 understands the terms of this agreement. Each party further acknowledges and
25 represents that, in executing this release, each party has not relied on any inducements,
26 promises, or representations made by the other party or its attorney that are not
27 expressly set forth in this agreement.
28 ///

### Conditions of Execution

16. Each party acknowledges and warrants that each party's execution of this release is free and voluntary, that the undersigned is of legal age, legally competent to execute this Release, and executes this Release after careful deliberation and consideration.

### Execution of Other Documents

17. Each party to this agreement shall cooperate fully in the execution of any and all documents and in the completion of any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this agreement.

### Attorneys' Fees

18. Except as otherwise provided above, each party to this agreement shall bear all attorneys' fees and costs arising from that party's own counsel in connection with the dispute set forth in paragraphs 5-6 the matters referred to herein, and all related matters.

If any party is required to employ an attorney to enforce the provisions of this agreement, the party may recover its reasonable attorneys fees incurred to enforce the provisions of this agreement. This paragraph shall be applicable to this entire agreement.

### Res Judicata or Collateral Estoppel

19. If a dispute or controversy, arising from or relating to this Agreement, subsequently arises between the parties, or their agents, principals, or assigns, including a dispute over whether a subsequent, independent lawsuit reasserts claims now settled by this agreement and whether such reasserted claims should be barred by the doctrines of *res judicata* or *collateral estoppel*, and such a controversy requires resolution by means of arbitration, court adjudication, court hearing, or trial, the prevailing party of any such dispute shall be entitled to recover, as a matter of right, its reasonable attorneys' fees and/or costs expended in resolving such matters.

-5-

## Entire Agreement

20. This agreement contains the entire agreement between the parties.

## Effective Date

21. This agreement shall become effective immediately upon execution by the parties, supersedes any previous agreements or understandings, and may not be modified except in writing signed by all parties.

## Governing Law

22. This agreement is entered into in Nevada and shall be construed and interpreted in accordance with federal laws, rules of procedure, and common law in the Ninth Circuit, except where state law controls or governs this Agreement, or any portion thereof. Where state law is to be applied, this Agreement, or the relevant portions thereof, shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

Dated: September 4, 2012.     By: _____
                                  JAMES OFELDT
                                  Plaintiff, *pro se*

Dated: September 7th, 2012.    On Behalf of Defendant

                               By: _____
                                   Robert S.

-6-